UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE JOHNSON,<br><br>     Petitioner,<br><br>v.<br><br>COLETTE GOGUEN,<br><br>     Respondent. | CIVIL ACTION<br><br>NO. 4:18-cv-11657-TSH |

## REPORT AND RECOMMENDATION

**April 30, 2019**

Hennessy, M.J.

  Petitioner George Johnson, a prisoner in Massachusetts state custody, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Colette Goguen, Superintendent of the North Central Correctional Institution in Gardner, Massachusetts. Respondent has moved to dismiss the petition. Dkt. no. 16. This Report and Recommendation issues pursuant to a referral from District Judge Hillman respecting Respondent's motion, which is fully briefed and ripe for adjudication. Dkt. no. 20 (Order of reference); see also dkt. no. 16 (Respondent's motion to dismiss); dkt. no. 17 (memorandum supporting dismissal); dkt. no. 19 (opposition to motion to dismiss).

  In consideration of the foregoing submissions and for the reasons that follow, the undersigned RECOMMENDS that Johnson be given an opportunity to elect whether to dismiss his unexhausted claim and proceed on the merits of his exhausted claims, or to accept dismissal of the entire petition.

I.     BACKGROUND

On July 24, 2012, a Hampden County grand jury returned a seven-count indictment against Johnson, charging him with two counts of forcible rape of a child in violation of Mass. Gen. Laws ch. 265, § 22A (Counts 1 and 2), three counts of indecent assault and battery on a child under the age of fourteen in violation of Mass. Gen. Laws ch. 265, § 13B (Counts 3, 4, and 5), one count of assault and battery in violation of Mass. Gen. Laws ch. 265, § 13A (Count 6), and one count of intimidation of a witness in violation of Mass. Gen. Laws ch. 268, § 13B (Count 7).  Brief for the Appellant/Defendant at 10, Commonwealth v. Johnson, 103 N.E.3d 1237 (tbl.), 93 Mass. App. Ct. 1109 (May 4, 2018) (No. 2017-P-0930), 2017 WL 10350549, at *10 [hereinafter "Johnson Brief"].[1]  Following the close of the Commonwealth's case during a jury trial in August 2013, the trial judge granted Johnson's motion for required findings of not guilty as to Counts 2 and 5.  Brief for the Commonwealth on Appeal from a Judgment of Conviction by the Hampden Div. of the Super. Ct. Dep't at 10–11, Johnson, 2017 WL 10350548, at *10–11 [hereinafter "Commonwealth Brief"].  The jury acquitted Johnson of Count 4 and convicted on Counts 1, 3, 6, and 7.  Johnson Brief at *10; Commonwealth Brief at *11.  Johnson was sentenced to a term of eight to ten years of imprisonment on Count 1, two to four years on Count 7 to run concurrently with the Count 1 sentence, two years on Count 6 to run concurrently with the Count 1 sentence, and three years of probation on Count 3, to run consecutively to the Count 1 sentence.  Commonwealth Brief at *11.

In 2015, Johnson filed a motion for a new trial, which was allowed by the Superior Court on July 29, 2016.  Johnson Brief at *10.  He executed a jury waiver on January 10, 2017,  and the

---

[1] This Court may consider certain evidence on a motion to dismiss, including official public records and other documents central to a plaintiff's claim, without converting a motion to dismiss to one for summary judgment.  See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

2

retrial proceeded before Judge McDonough of the Superior Court.  Id.  Johnson again was found guilty of Counts 1, 3, 6, and 7.  Id. at 10–11.  Judge McDonough imposed sentences identical to those imposed following the first trial.  See id. at 11.

On July 17, 2017, Defendant appealed his conviction to the Massachusetts Appeals Court.  Id.  In his brief, Johnson argued: (i) that the trial court erred in allowing the victim's mother to testify as a first complaint witness even though the Commonwealth had not established that the actual first complaint witness was unavailable; (ii) ineffective assistance of trial counsel for failure to request rulings of law and provide sufficient support for certain defenses; and (iii) that the Court allowed the Commonwealth to make impermissible statements during its closing argument.  Johnson Brief at *21, 28–29, 41.  In May 2018, the Appeals Court entered a summary decision and affirmed the judgments of conviction.  Commonwealth v. Johnson, 103 N.E.3d 1237 (tbl.), 93 Mass. App. Ct. 1109 (unpublished table decision), 2018 WL 2074472, at *3 (May 4, 2018).

Johnson then filed an application for leave to obtain further appellate review ("ALOFAR").  Dkt. no. 16-3.  The Supreme Judicial Court ("SJC") denied the application without decision.  Commonwealth v. Johnson, 104 N.E.3d 664 (tbl.), 480 Mass. 1102 (June 29, 2018).  On August 6, 2018, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. no. 1.  On November 15, 2018, Respondent moved to dismiss the petition due to Johnson's failure to exhaust state judicial remedies with respect to two of his three asserted grounds for relief.  Dkt. no. 16.  On December 26, 2018, Johnson opposed Respondent's motion to dismiss.  Dkt. no. 19.

II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instructs that a federal court shall not grant a habeas corpus petition filed by a prisoner "in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, the requirement must be satisfied before a federal habeas corpus petition is filed. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." (citing 28 U.S.C. §§ 2254(b)(1), (c))); see also Domaingue v. Butterworth, 641 F.2d 8, 14 (1st Cir. 1981) ("Our practice has been to determine the question of exhaustion as of the time a habeas corpus petition was filed, not as of the time the case is heard on appeal, and to require a new petition to be filed if state remedies are subsequently exhausted." (citing Belbin v. Picard, 454 F.2d 202, 204 (1st Cir. 1972))); Belbin, 454 F.2d at 204 ("It is the availability of state remedies at the time the application is filed . . . that is determinative of the question of exhaustion. Any other rule would only encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later." (citing Fay v. Noia, 372 U.S. 391, 399 (1963))). As a consequence, any unexhausted claim is subject to dismissal. See, e.g., Corliss v. Cummings, 277 F. Supp. 3d 195, 198 (D. Mass. 2017) ("Because no Massachusetts court has had the opportunity to remedy any constitutional violations, this Court must grant respondent's motion to dismiss.") (citing 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In Massachusetts, a habeas corpus petitioner in state custody must present federal claims to the state's highest court before pursuing those claims in federal court.  See, e.g., Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) ("[The exhaustion] standard must be met, as a general rule, by 'fairly present[ing]' a federal claim 'within the four corners of the ALOFAR.'" (second alteration in original) (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 823 (1st Cir. 1988))); see also Johnson v. Roden, No. 16-1419, 2017 WL 4773221, at *3 (1st Cir. Sept. 14, 2017) ("It is the law in this circuit that claims that were presented to the Appeals Court, but not mentioned in the ALOFAR, are not exhausted." (citing Clements, 485 F.3d at 168)).  The petitioner bears the burden of demonstrating exhaustion as to all claims.  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  To do so, the petitioner must show that the factual and legal bases of his federal claims were "fairly and recognizably presented to the state courts."  Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (citing Pickard v. Connor, 404 U.S. 270, 276–77 (1971)).

"To establish fair presentation, the Court must determine whether the underlying claim before the state would alert a reasonable jurist to the existence of the federal question."  Faust v. Horgan, 12-cv-11089-FDS, 2013 WL 212621, at *2 (D. Mass. Jan. 17, 2013) (citing Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994)).  The petitioner's claims must be the "substantial equivalent" to those claims raised before the state's highest court, and the federal issues raised must be plainly defined.  Barresi, 296 F.3d at 52; Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).  This determination "is not a matter of guesswork."  Adelson, 131 F.3d at 262.  "Rather, that calculation is informed 'by trappings-specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like.'"  Id. (quoting Nadworny v. Fair,

5

872 F.2d 1093, 1101 (1st Cir. 1989)).  "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that we will find his federal claim to have been exhausted."  Adelson, 131 F.3d at 262.

Where a petitioner files a "mixed petition"—one that captures both exhausted and unexhausted claims—a federal court may:  (1) dismiss the petition in full; (2) allow the petitioner to abandon and dismiss the unexhausted claims and proceed with only the exhausted claims; or (3) stay the petition while the petitioner returns to state court to exhaust his previously unexhausted claims.  See Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004); see also Rhines v. Weber, 544 U.S. 269, 275–76 (2005).  The third option should be utilized sparingly, and only when a petitioner demonstrates that:  (1) good cause exists for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the litigation was not intentionally delayed by his failure to properly exhaust all claims.  Rhines, 544 U.S. at 278.

III.  ANALYSIS

Respondent argues that Johnson failed to exhaust state remedies pursuant to 28 U.S.C. § 2254 as to Grounds One and Three of his habeas petition.  For this reason, she argues that Johnson's petition should be dismissed in its entirety unless he elects to abandon his unexhausted claims.  I address each ground for relief in turn.

   A.  Ground One – Prejudicial Error Respecting First Complaint Witness Testimony

Ground One of Johnson's habeas petition states that "[t]he appeals court erred in finding [Johnson] was not prejudiced by the improper substitution of a first complaint witness who gave mush [sic] more emotional and detailed testimony than the actual first complaint witness would have provided."  Dkt. no. 1-1, at p. 2.  The petition further states that such error "caused a Due Process violation."  Id.  Respondent argues that Johnson has not exhausted this federal due

6

process claim because his arguments on appeal "cited no specific constitutional provision, tendered no substantive federal claim, and relied on no federal constitutional precedent." Dkt. no. 17, at p. 6.  In his opposition, Johnson argues this claim "is clea[r]ly" a due process violation.  Dkt. no. 19, at p. 3.  The undersigned agrees with Respondent.

Here, the Supreme Judicial Court denied Johnson's ALOFAR without decision, "and thus, [the Court must] 'look through to the last reasoned decision' to determine the basis for the state court's holding."  Junta v. Thompson, 615 F.3d 67, 71 (1st Cir. 2010) (quoting Malone v. Clarke, 536 F.3d 54, 63 n.6 (1st Cir. 2008) (internal quotations omitted)); see also Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing.  We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play.") (emphasis in original).  Here, the last reasoned decision concerning Johnson's claims is the Appeals Court's May 4, 2018 summary decision.  This is the decision to which the Court must look to ascertain exhaustion.

Johnson's brief to the Appeals Court does not argue that the admission of first complaint testimony from a secondary witness violated any U.S. constitutional right or federal law; it makes no mention of the federal constitutional right to due process as applicable to the states pursuant to the Fourteenth Amendment.  See Johnson Brief, at *21–28.  Rather, the arguments were predicated on state evidentiary procedure, particularly Massachusetts first complaint doctrine.  See Johnson Brief, at *21–28.  The absence of any citation to or argument respecting a federal issue fails to alert a reasonable jurist to the existence of a federal question.  Coningford v. Rhode Island, 640 F.3d 478, 483 (1st Cir. 2011) ("But the petitioner's claim before the state court bore no indicia of reliance on [a federal law or constitutional right].  To the contrary, he

7

relied conspicuously and exclusively on state evidentiary rules, accompanied by generalized plaints about prejudice and unfairness."); Clements, 485 F.3d at 162 (noting that "the legal theory [articulated] in the state and federal courts must be the same") (alteration in original) (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).  A review of the Appeals Court's summary decision affirming Johnson's conviction substantiates the above observation.  The decision neither expressly nor implicitly references any federal issue with respect to Johnson's Ground One claim because none was raised.[2]  See generally Johnson, 2018 WL 2074472, at *1–3; Johnson Brief, at *21–28; see also Clements, 485 F.3d at 162.

    Indeed, the first (and only) exhibition of any federal claim respecting the first complaint witness issue appears in Johnson's habeas petition to this Court, where he states that the substitution of the victim's mother as a first complaint witness "caused a due process violation." Dkt. no. 1-1, at p. 2.  The state Appeals Court therefore never had an "opportunity to pass upon and correct" an alleged abridgment of a federal right with respect to Johnson's Ground One claim. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).  This alone prevents a finding of exhaustion.  Clements, 485 F.3d at 162 ("[The exhaustion] standard must be met, as a general rule, by 'fairly present[ing]' a federal claim" to the state courts. (second alteration in original) (quoting Mele, 850 F.2d at 823)).  Accordingly, Johnson has failed to meet his burden to exhaust the federal claim in Ground One of the instant habeas petition.  See Barresi, 296 F.3d at 51.

    Put another way, Johnson's habeas claim—that the allowance of the substituted first complaint testimony worked a due process violation—is not the "substantial equivalent" of any

---

[2] I recognize that summary decisions of the Appeals Court may not fully address the facts or the panel's decisional rationale.  See MASS. R. APP. PRAC. 1:28; Chace v. Curran, 881 N.E.2d 792, 794 n.4 (Mass. App. Ct. 2008).  However, a close review of the Appeals Court decision and Johnson's Brief filed in that court makes clear that Johnson did not present to the Appeals Court a federal claim respecting the first complaint witness testimony.

claim Johnson raised before the Appeals Court. See Barresi, 296 F.3d at 52. That the factual bases supporting Johnson's first complaint witness testimony might, in some way, give rise to a federal due process claim simply is not enough to satisfy the exhaustion requirement: the legal bases for a federal claim too must be presented. See Adelson, 131 F.3d at 262 (citing Pickard, 404 U.S. at 276–77) (noting that both factual and legal bases of a federal claim must be "fairly and recognizably presented to the state courts" in order to satisfy the exhaustion requirement). Such did not occur here.

    B.  Ground Three – Improper Closing Argument Statements and Due Process Violation

Johnson's third ground for habeas relief alleges: "The Commonwealth's closing argument [at trial] fell outside the scope of permissible advocacy, and, where the comments went to the heart of the case, a substantial risk of a miscarriage of justice occurred."[3] Dkt. no. 1-1, at p. 2. The habeas petition further states that "justice was not done when the Commonwealth made a series of improper arguments and misstatements of fact[] in its closing argument," and that the allowance of such statements violated "the 5th Amendment of the United States Constitution concerning . . . due process."[4] Dkt. no. 1-1, a p. 3. Respondent argues that Johnson failed to present a federal question to the state courts with respect to the federal issues comprising Ground Three. Dkt. no. 17, at p. 7.

---

[3] Because Johnson did not object at trial to the Commonwealth's closing statements, the Appeals Court did not review the claim for prejudicial error, but rather under the standard of a substantial risk of a miscarriage of justice. Johnson, 2018 WL 2074472, at *2 (citing Commonwealth v. St. Louis, 42 N.E.3d 601, 611 (Mass. 2015)).

[4] Because Johnson, a state prisoner, argues his due process rights were infringed, the undersigned interprets Johnson's Ground Three habeas claim as implicating the Fourteenth Amendment's due process clause, as opposed to the Fifth Amendment. U.S. CONST. Amend. XIV, § 1 (precluding any State from "depriv[ing] any person of life, liberty, or property, without due process of law"); see also Gaines v. Vidal, 224 F. Supp. 3d 79, 93 (D. Mass. 2016) ("The Fourteenth Amendment's due process clause guarantees [a state defendant] the right to a fair trial by a fair tribunal and before a judge with no bias against him." (citing Bracy v. Gramley, 520 U.S. 899 (1997))).

Exhaustion of Johnson's Ground Three federal claim is a very close question. Johnson's appellate brief to the Appeals Court states in preamble that the Commonwealth's closing argument "violated Johnson's constitutional rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Johnson Brief, at *41. Yet the body of Johnson's Brief focuses solely on the prejudicial effect of the Commonwealth's declarations on the trial judge's ultimate determination, and cites only to state case law respecting state evidentiary issues and trial procedure. Id. at *41–49. In other words, "[h]e did not cite any federal cases or flesh out a federal argument." Russell v. Marchilli, No. 15-cv-13177-ADB, 2018 WL 3795858, at *6 (D. Mass. Aug. 9, 2018). The Appeals Court considered Johnson's arguments and held that the misstatements in the Commonwealth's closing arguments did not result in a substantial risk of a miscarriage of justice; it did not engage in an analysis of any federal constitutional issues. See Johnson, 2018 WL 2074472, at *2–3; see also Johnson Brief, at *41–48.

"That the Appeals Court did not address the constitutional issue[s] is not controlling." Fortini v. Murphy, 257 F.3d 39, 45 (1st Cir. 2001) (citing Pettijohn v. Hall, 599 F.2d 476, 480 n.2 (1st Cir.), cert. denied, 444 U.S. 946 (1979)). Rather, the principal inquiry is whether the state court had "a full and fair opportunity to resolve federal constitutional claims before those claims [were] presented to the federal courts . . . ." O'Sullivan, 526 U.S. at 845; see also Corliss, 277 F. Supp. 3d at 198 ("Because no Massachusetts court has had the opportunity to remedy any constitutional violations, this Court must grant respondent's motion to dismiss." (citing 28 U.S.C. § 2254(b)(1))). The Court therefore must determine whether Johnson's introductory, but explicit, citations to federal constitutional amendments in his appellate brief provided the Appeals Court with occasion to "pass upon and correct" a federal claim. Baldwin, 541 U.S. at

29.  In the Court's view, Johnson has done enough to adequately present his federal due process claim to the Appeals Court.

The First Circuit has had occasion to consider if "a petitioner who only cites 'book and verse' has done enough to inform the state court of his federal constitutional claim." Russell, 2018 WL 3795858, at *6 (quoting Dyer v. Ponte, 749 F.2d 84, 87 (1st Cir. 1984) (emphasis in original)).  In Dyer, the petitioner explicitly referenced the Fourteenth Amendment in his appellate submission to the SJC, but "cited no federal cases . . . and made virtually no federal argument, in sharp contrast to his extensive discussion of the issue under state law." 749 F.2d at 86.  Ultimately the court assessed the merits of Dyer's federal habeas claims, but opined that "counsel would be well advised in the future not to rely on a passing reference to a constitutional provision without supporting federal argument and without citations to federal authorities." Id. at 87.

And while it is established that "the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim," Adelson, 131 F.3d at 263 (citing Gagne, 835 F.2d at 8; Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984)), here, just as in Dyer, the petitioner made explicit reference to U.S. constitutional amendments in his state court submission.  "Under the logic of Dyer, the Court cannot conclude that the references to [a specific federal constitutional amendment] in Petitioner's brief were insufficient to exhaust his claim." Russell, 2018 WL 3795858, at *6 (citing Gagne, 835 F.2d at 8 (concluding that a reference to "due process of law" in the issue caption of petitioner's state-court submission "ha[d] fallen short even of the minimal citation which led the Dyer court to a reluctant review of the underlying claim"); Crouse v. Dickhaut, No. 07-cv-12004-MLW, 2011 WL 3584813, at *3

11

(D. Mass. Aug. 15, 2011) ("[Petitioner's] solitary reference to his 'constitutional right to due process' falls short of the line drawn in Dyer" because he "neither cited federal authorities nor supported his claim with federal argument, and he did not even explicitly invoke a particular provision of the United States Constitution, as the petitioner in Dyer did.") (emphasis added)).

Here, what makes this a close question is my concern that Johnson fairly presented the underlying Fourteenth Amendment claim to the Appeals Court. The body of his brief to that court cites state case law only, which, in turn, addresses issues of state evidentiary and procedural law. His federal argument is undeveloped, indeed, unmentioned. Rule 16(a)(9)(A)(2019) of the Massachusetts Rules of Appellate Procedure provides in relevant part that "[t]he appellate court need not pass upon questions or issues not argued in the brief." Dyer quoted the SJC's observation in Commonwealth v. Elder, 452 N.E.2d 1104, 1108 n.9 (Mass. 1983), that the "failure adequately to address the issue constitutes a waiver." Dyer, 749 F.2d at 87 n.2.

On the other hand, the preamble to Johnson's appellate brief expressly alleges that the Commonwealth's summation "violated Johnson's constitutional rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Johnson Brief, at *41. This allegation, even if a single, isolated "trapping," exceeds what was alleged in Gagne, and Crouse, and meets the standard in Gagne of "citing a specific provision of the Constitution." Gagne, 835 F.2d at 7 (citing Dougan, 727 F.2d at 201).

Given this record, I conclude that Ground Three presents an exhausted claim. While Johnson's "constitutional argument may have been obscured by his emphasis on Massachusetts cases" impacting state law issues, the language in his appellate brief to the Appeals Court—that

12

is, explicit citation to federal constitutional amendment—"should have alerted the court that a constitutional argument was also being made." Fortini, 257 F.3d at 45.

C. A Stay and Abeyance Is Not Warranted

In light of the undersigned's recommended finding that Johnson has not demonstrated that the factual and legal bases of his Ground One claim were "fairly and recognizably presented" to the Appeals Court, see Adelson, 131 F.3d at 262 (citing Pickard, 404 U.S. at 276–77), I turn briefly to the recommended disposition. Although Johnson has not asked that this matter be stayed and held in abeyance, the undersigned would recommend that such request, if made, be denied.

"To obtain a stay of a mixed petition, the petitioner must show that there was good cause for failing to exhaust state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278). Whether to stay a federal habeas petition and equitably toll the AEDPA's limitations provisions is within the Court's discretion. Rhines, 544 U.S. at 277. Indeed, while the AEDPA does not deprive federal courts of their authority to issue stays and hold federal habeas proceedings in abeyance, its legislative purpose dictates that such authority be used sparingly, balancing interests served by its exhaustion requirements, its limitation periods, and the postconviction rights of a habeas petitioner. Id. at 266–67.

Johnson has not demonstrated good cause for failing to exhaust the first ground of his habeas petition. His state court submission, prepared and submitted by counsel, did not cite to any federal constitutional violation, allege a violation of a federal right, or present a federal question with respect to his Ground One claim. To do so—as the analysis of Ground Three and

the case law cited therein shows—would have required only a minimal citation to the U.S. Constitution. Johnson gives no reason for this failure. Dkt. no. 19, at pp. 2–4. As such, Johnson could not have had good cause for failing to exhaust this claim. Id. (citing Josselyn, 475 F.3d at 5).

In addition, Johnson is unlikely able to demonstrate that his unexhausted claim is potentially meritorious. In a jury-waived trial such as here, judges are "presumed to know and correctly apply the law." Commonwealth v. Watkins, 823 N.E.2d 404, 408 (Mass. App. Ct. 2005) (citing Commonwealth v. Montanez, 788 N.E.2d 954 (Mass. 2005), overruled on other grounds, Commonwealth v. King, 834 N.E.2d 1175 (Mass. 2005)). Here, the trial judge presumably was able to separate any particularly emotional testimony from an objective assessment of the credibility of the first complaint witness and her testimony.[5] The Appeals Court made the same observation. See Johnson, 2018 WL 2074472, at *2 ("Although the defendant claims that the mother's testimony was more emotional that what Mary's would have been, "[i]n a jury-waived trial, we presume that the judge was not affected, as a jury might be, by the testimony of [an allegedly improper] complaint witness[]."" (alterations in original) (quoting Commonwealth v. Murungu, 879 N.E.2d 99, 105 (Mass. 2008)). Indeed, the trial judge imposed the same sentence as the judge who presided over the prior jury trial, which suggests a dispassionate and reasoned evaluation of the Commonwealth's evidence.

---

[5] In fact, the trial judge would have been required to hear the victim's mother's testimony even if it was not substituted as first complaint testimony. As the Appeals Court noted, the testimony of the victim's mother was necessary to Johnson's central theory of the case. See Johnson, 2018 WL 2074472, at *1 ("The defendant's central theory in his case is that the victim made up the allegations against him to divert her mother's attention from the fact that the victim was having a sexual relationship with a boy. The defendant could not have advanced this theory without evidence that the victim in fact disclosed the allegations to her mother."). Thus, the admission of the substituted first complaint testimony did not prejudice Johnson, nor did it render the trial fundamentally unfair. See Coningford, 640 F.3d at 484 (noting that a state court's application of state law must be "so arbitrary or capricious as to constitute an independent due process . . . violation" that results in a fundamentally unfair trial and warrants federal habeas relief).

**Conclusion**

For the foregoing reasons, I conclude that Johnson has failed to exhaust the claim styled Ground One of his petition for a writ of habeas corpus. Pursuant to Respondent's motion to dismiss (dkt. no. 16), I respectfully RECOMMEND that the motion be GRANTED IN PART and DENIED IN PART; that the Court deem Johnson's petition mixed; and that the Court conclude that Ground One of the petition presents an unexhausted claim. I further RECOMMEND that Johnson be given the option of either abandoning this claim (Ground One) or have his entire petition dismissed without prejudice. To accomplish this, I RECOMMEND that the Court enter an order setting the following deadlines:

1. Within forty-five days of the Court's disposition on this Report and Recommendation, Johnson shall submit a filing to the Court that states whether Johnson elects to abandon Ground One of his petition as an unexhausted claim. If Johnson does not elect to abandon Ground One, then the Court should dismiss the entire habeas petition without prejudice.

2. If Johnson's filing elects to abandon Ground One, then Respondent shall submit a filing that addresses the merits of Johnson's remaining claims[6] within thirty days of the docketing of Johnson's filing pursuant to the preceding paragraph.

---

[6] Respondent did not brief the merits of the petition for habeas relief on the ground that Johnson's failure to exhaust justifies dismissal of the entire petition. See dkt. no. 17, at pp. 1, 10.

3.     If Respondent submits a filing that addresses the merits of Johnson's remaining claims, then Johnson may file a response within forty-five days of Respondent's filing. So concludes this Report and Recommendation.[7]

/s/ David H. Hennessy  
David H. Hennessy  
United States Magistrate Judge

---

[7] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).